UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NANCY MILLER,**

        Plaintiff,        Case No.

**v.**

        Hon.

**LEWIS MANOR HOMES, LTD,**
**REGINA'S HOME, INCORPORATED, AND**
**ELLEN LEWIS**

        Defendants.

**GOLD STAR LAW, P.C.**
**Caitlin E. Malhiot (P76606)**
**Maia Johnson Braun (P40533)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*mjohnson@goldstarlaw.com*

## COMPLAINT

Plaintiff, Nancy Miller, through her attorneys, Gold Star Law, P.C., for her Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Nancy Miller is an individual who resides in Detroit, Wayne County, Michigan.

2. Defendant Lewis Manor, Ltd, ("Lewis Manor") is a Michigan corporation with its registered office in Detroit, Wayne County, Michigan.

3. Defendant Regina's Home, Incorporated ("Regina's") is a Michigan corporation with its registered office in Detroit, Wayne County, Michigan.

4. Upon information and belief, Defendant Ellen Lewis is a resident of Detroit, Wayne County, Michigan.

5. Defendant Ellen Lewis is the owner, president, incorporator, resident agent, and manager of Lewis Manor and Regina's Home.

6. Both of the above-named Defendant corporations have Ellen Lewis as the named resident agent and both have the same registered address at 1625 Webb in Detroit, Michigan.

7. The wrongful conduct of the Defendants alleged herein occurred in Wayne County, Michigan.

8. Defendants' business operations are an enterprise engaged in interstate commerce as defined by the FLSA and have revenues in excess of $500,000 per year.

9. This action arises under 29 USC 207, and jurisdiction of the Court is invoked pursuant to 28 USC 1331.

10. Defendants reside within the judicial district, and venue is proper in this Court pursuant to 28 USC 1391(b).

## FACTUAL ALLEGATIONS

11. Defendants are engaged in the operation of adult foster care homes for persons who, because of age or infirmity, are unable to care for themselves.

12. Defendants operate out of the same location in Detroit, Michigan and both corporate Defendants have Defendant Ellen Lewis as the named resident agent.

13. The corporate Defendants share common ownership and management.

14. Plaintiff was employed as a Direct Care Worker during the three years preceding the date of filing of this Complaint (the "relevant employment period") and is still employed.

15. At all times during her employment with Defendants, Plaintiff has maintained her own residence, separate from any of Defendants' facilities, at which she resides, pays utilities, maintains a legal address, and keeps her belongings.

16. While working a 24-hour shift, Plaintiff was charged with the care of several individuals with varying sleep and medication schedules and was not able to get five uninterrupted hours of sleep per night every night.

17. If Plaintiff was able to sleep at all during her shifts, she had to remain alert and aware of the nightly activities of the residents in the facility in which they worked.

18. Despite Plaintiff not being able to sleep at least five uninterrupted hours per night every night, and despite Plaintiff informing Defendants of such, Defendants deducted eight (8) hours of pay for "sleep time" from every 24-hour shift worked by Plaintiff.

19. On occasions when Plaintiff informed Defendants that she was not able to sleep for at least five interrupted hours at night during her shifts, Plaintiff was not compensated for time spent working at night.

20. Plaintiff generally worked seven to eight 24 hour shifts per two-week period for Defendants during the course of their employment.

21. Plaintiff was not paid for all hours worked for Defendants.

22. Defendants' method of paying Plaintiff in violation of FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME IN VIOLATION
## OF THE FAIR LABOR STANDARDS ACT OF 1938

23. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

24. Defendants are "employers" within the coverage of the FLSA.

25. Plaintiff is an "employee" within the coverage of the FLSA.

26. Pursuant to Section 207 of the FLSA, Defendants were required to pay Plaintiff at least minimum wage for all hours worked.

27. Pursuant to Section 207 of the FLSA, Defendants were required to pay Plaintiff at least 1 ½ times her regular rate of pay for hours worked in excess of 40 per week.

28. Defendants failed to compensate Plaintiff for all hours worked, in violation of FLSA.

29. Defendants failed to compensate Plaintiff at a rate of at least 1 ½ times her regular rate of pay for hours worked in excess of 40 per week, in violation of the FLSA.

30. Defendants' failure to pay minimum wage and overtime compensation in violation of the FLSA is willful, with knowledge or reckless disregard of the statutory requirements.

31. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for unpaid wages and overtime compensation, plus an additional equal amount as liquidated damage, together with cost and reasonable attorney's fees.

**WHEREFORE**, Plaintiff requests that this court enter an award for her favor in the amount of her actual unpaid wages and overtime wages, an equal amount as liquidated damages, plus her cost and reasonable attorney's fees, and such other relief as this Court deems appropriate.

        Respectfully submitted,

        **GOLD STAR LAW, P.C.**

        */s/ Caitlin E. Malhiot*
        **Caitlin E. Malhiot (P76606)**
        **Maia Johnson Braun (P40533)**
        Attorneys for Plaintiff
        2701 Troy Center Dr., Ste. 400
        Troy, Michigan 48084
        (248) 275-5200
        *cmalhiot@goldstarlaw.com*
        *mjohnson@goldstarlaw.com*

Dated: October 29, 2018