UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NANCY MILLER,**

        Plaintiff,

v

**LEWIS MANOR HOMES, LTD,
REGINA'S HOME, INCORPORATED, AND
ELLEN LEWIS**

        Defendants.

Case No. 5:18-cv-13369-JEL-RSW
Hon. Judith E. Levy

_____/

| GOLD STAR LAW, PC | BATOR LEGAL, P.C. |
|---|---|
| Caitlin E. Malhoit (P76606) | Christian A. Lobb (P63339) |
| Maia Johnson Braun (P40533) | Gregory J. Bator (P33232) |
| Attorney for Plaintiffs | Attorney for Defendants |
| 2701 Troy Center Dr., Ste. 400 | 400 West Maple |
| Troy, Michigan 48084 | Birmingham, Michigan 48009 |
| (248) 275-5200 | (248) 642-7844 |
| cmalhoit@goldstarlaw.com | gregory@batorlegal.com |
| mjohnson@goldstarlaw.com | chris@batorlegal.com |

_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Lewis Manor Homes, Ltd., Regina's Home, Incorporated, and Ellen Lewis, by and through counsel, for their Answer to Plaintiff's Complaint state as follows:

1. In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, they are neither admitted nor denied, the Defendants being without sufficient information to form a response thereto and Plaintiff is left to her strict proofs.

2. In response to the allegations contained in Paragraph 2 of the Plaintiff's Complaint, they are admitted.

3. In response to the allegations contained in Paragraph 3 of the Plaintiff's Complaint, they are admitted.

1

4. In response to the allegations contained in Paragraph 4 of the Plaintiff's Complaint, they are admitted.

5. In response to the allegations contained in Paragraph 5 of the Plaintiff's Complaint, they are admitted insofar as Ellen Lewis is the President, Owner, and Resident Agent of Lewis Manor, LTD, and Regina's Home, Incorporated, it is denied that Ellen Lewis is the incorporator of Lewis Manor Homes, LTD, and Regina's Home, Incorporated, and it is denied that she has the title of Manager with either entity.

6. In response to the allegations contained in Paragraph 6 of the Plaintiff's Complaint, they are admitted.

7. In response to the allegations contained in Paragraph 7 of the Plaintiff's Complaint, it is denied as untrue that Defendants engaged in wrongful conduct on the part. To the extent Plaintiff's allegations arise from her employment with one or more of the Defendants, it is admitted that Plaintiff was employed in Wayne County, Michigan.

8. In response to the allegations contained in Paragraph 8 of the Plaintiff's Complaint, they are admitted.

9. In response to the allegations contained in Paragraph 9 of the Plaintiff's Complaint, they are admitted.

10. In response to the allegations contained in Paragraph 10 of the Plaintiff's Complaint, they are admitted.

11. In response to the allegations contained in Paragraph 11 of the Plaintiff's Complaint, they are admitted.

12. In response to the allegations contained in Paragraph 12 of the Plaintiff's Complaint, they are admitted.

13. In response to the allegations contained in Paragraph 13 of the Plaintiff's Complaint, they are admitted.

14. In response to the allegations contained in Paragraph 14 of the Plaintiff's Complaint, it is admitted that Plaintiff was employed by the corporate Defendants, not Ellen Lewis, individually.

15. In response to the allegations contained in Paragraph 15 of the Plaintiff's Complaint, it is admitted with respect to the allegation that the Plaintiff did not maintain a residence at any of the Defendants' facilities. Defendants neither admit nor deny the remaining allegations contained therein being without sufficient information to form a response thereto and leave Plaintiff to her strict proofs.

16. In response to the allegations contained in Paragraph 16 of the Plaintiff's Complaint, they are denied as untrue. In further response, the residents all finished their evening medications and went to sleep at approximately 9:00 p.m. every night, leaving Plaintiff free to sleep or enjoy personal time pursuant to the signed Sleeptime Agreement between the parties. (Ex. A).

17. In response to the allegations contained in Paragraph 17 of the Plaintiff's Complaint, they are denied as untrue.

18. In response to the allegations contained in Paragraph 18 of the Plaintiff's Complaint, they are denied as untrue.

19. In response to the allegations contained in Paragraph 19 of the Plaintiff's Complaint, they are denied as untrue.

20. In response to the allegations contained in Paragraph 20 of the Plaintiff's Complaint, they are admitted.

21. In response to the allegations contained in Paragraph 21 of the Plaintiff's Complaint, they are denied as untrue.

22. In response to the allegations contained in Paragraph 22 of the Plaintiff's Complaint, they are denied as untrue.

23. In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendants hereby incorporate all other paragraphs in its response by reference.

24. In response to the allegations contained in Paragraph 24 of the Plaintiff's Complaint, they are admitted with respect to Lewis Manor, LTD, and Regina's Home, Incorporated. It is denied that Plaintiff was employed by Ellen Lewis, individually.

25. In response to the allegations contained in Paragraph 25 of the Plaintiffs' Complaint, with respect to Lewis Manor, LTD, and Regina's Home, Incorporated, they are admitted. It is denied that Plaintiff was an employee of Ellen Lewis, individually.

26. In response to the allegations contained in Paragraph 26 of the Plaintiff's Complaint, they are denied as untrue because Section 207 of the FLSA does not articulate a minimum wage requirement.

27. In response to the allegations contained in Paragraph 27 of the Plaintiff's Complaint, they are admitted.

28. In response to the allegations contained in Paragraph 28 of the Plaintiff's Complaint, they are denied as untrue.

29. In response to the allegations contained in Paragraph 29 of the Plaintiffs' Complaint, they are denied as untrue.

30. In response to the allegations contained in Paragraph 30 of the Plaintiff's Complaint, they are denied as untrue.

31. In response to the allegations contained in Paragraph 31 of the Plaintiff's Complaint, they are denied as untrue.

WHEREFORE, Defendants Lewis Manor Homes, Ltd., Regina's Home, Incorporated, and Ellen Lewis request that this Honorable Court dismiss Plaintiff's Complaint, and award Defendants Lewis Manor Homes, Ltd., Regina's Home, Incorporated, and Ellen Lewis their legal expenses, including costs and reasonable attorney fees, and award any other relief that this Honorable Court deems just and equitable.

    Respectfully submitted,

    **BATOR LEGAL, P.C.**

    By: /s/ Christian A. Lobb
        Christian A. Lobb (P63339)
        Attorney for Defendants
        400 West Maple
        Birmingham, MI  48009
        (248) 642-7844
        chris@batorlegal.com

Dated:  November 16, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2018, I electronically filed the forgoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

    By: /s/ Christian A. Lobb
        Christian A. Lobb (P63339)
        Attorney for Defendants
        400 West Maple
        Birmingham, MI  48009
        (248) 642-7844
        chris@batorlegal.com

# EXHIBIT A

EXHIBIT A

# LEWIS MANOR HOMES Ltd.
# REGINA'S HOME Inc.

## SLEEP TIME AGREEMENT

I __Nancy Miller__ agree and understand that when I am assigned a 24 hour shift, I will be provided 8 hours of sleep time. I understand that sleep time is unpaid. If the sleep time is interrupted to attend to consumers, I will record the time and will be paid for that time on duty. If I do not get at least 5 hours of uninterrupted sleep time, I will be paid for the entire 8 hour sleep period. I understand that this is not a contract for employment and that my employment is at will.

_____

_Nancy Miller_
Print Name

_Nancy Miller_
Signature

_06-12-2014_
Date

# ADDENDUM TO THE
# PERSONNEL POLICIES AND PROCEDURES MANUAL

1. By signing this Agreement both Employer and Employee acknowledge and understand that the relationship established on the basis of this contract is " at-will ".

    Employer recognizes the right of each individual Employee to terminate his or her employment for any reason whatsoever. Employee agrees the Employer may terminate his employment, with or without cause, and with or without notice at any time.

2. Employee agrees to abide by all rules, regulations and directions as stated by Employer. Employer expressly reserves the right at it exclusive discretion to modify the rules and regulations as Employer sees fit.. The Employee agrees to abide by all such changes, and the current Personnel Policies and Procedures Manual.

3. Employer agrees to compensate Employee at the rate of __740__ in consideration for services rendered.
    Overtime will be paid at one and one-half (1 ½ ) times the regular rate for all hours worked over forty(40) in that work period.

4. Employer agrees that compensation is for those hours worked according to the schedule and that during off-duty time employee is free to leave the facility to engage in normal private pursuits. Employee shall sign a time card or work schedule each pay period to signify all hours worked. By signing the time card or work schedule, the Employee has acknowledged and represents to the employer that such hours indicated on the time card or work schedule are the hours actually worked by the Employee.

5. Employee agrees to use his or her best efforts to serve the Employer. Employee agrees at all time to respect the rights of Consumers living in the facility.

6. Employee agrees to hour sleep time deduction of up to eight ( 8 ) hours in each 24 hour period. Employee agrees that the sleeping facilities are adequate. If the sleeping period is interrupted by a call to duty, the interruption will be counted as hours worked. If you do not get at least five ( 5 ) hours sleep during scheduled sleep period, the entire period will be counted as working time. Employee agrees to notify the Employer of any sleep time interruptions in writing with explanation within twenty four hours ( 24 ). If Employee has not notified Employer of any sleep time interruptions by the same pay period, Employee agrees that no sleep time interruptions have occurred.

7. I understand that my sleeping quarters are furnished by my Employer so that i can

better perform service to Regina's Home Inc. and that there are no letting or terms, or rent reserved, and that no tenancy is created. I further understand that if my employment with Regina's Home Inc. is terminated for any reason by Regina's Home Inc. or me that I must leave the premises immediately. If I do not leave the premises immediately, I understand that I may be liable for damages for my unauthorized stay.

8. Employee recognizes and fully realizes that Employer administers an adult foster care facility. Staffing is required twenty four ( 24 ) hours a day, seven days a week staffing patterns may have to be varied. Employer has the sole right to make work schedule changes, and Employee agrees to abide by such changes. Employee agrees to work an additional shift or overtime if requested.

9. I understand that I have been hired while my references are still being obtained, and I realize I may be terminated at any time should any reference be unfavorable or disclose discrepancies from information that I submitted through my employment application and subsequent interviews. I further understand that any false statements or misrepresentations, made either expressly or orally, in the course of my employment may result in immediate termination of my employment

10 This Agreement is made in a manner to comply with Michigan law If any provision of this Agreement is deemed by a court of competent jurisdiction to violate Michigan Law said violation was inadvertent.
If a provision is found to violated, that
provision only shall be considered void and severed from this Agreement and the other terms of this Agreement shall remain in full force and effect

Employee must follow all rules and regulations regarding recipient rights, licensing rules, and any of the networks that the Employer contracts with.

11. This written Agreement constitutes the entire Agreement between the Employer and Employee, and no oral or written representation, understandings, or agreements have been made or relied upon in making this Agreement other than those specifically set forth herein. No oral or implied promises were made by the Employer or agents for the Employer, to induce me to accept employment with Employer. This Agreement can be modified only by written instrument signed c by the President of the Corporation or Employer's representative and Employee unless stated otherwise. No waiver of any provision of this Agreement shall be valid unless it writing and signed by the party alleged to have waived its right under this Agreement unless stated otherwise.

12 By signing the Agreement, Employee acknowledges fully reading this Agreement and knows the contents thereof, accepts this Agreement as written, and signs of his or her own free will.

_____  6-12-2014
Employer and or Employer's representative        Date

_Nancy Miller_____  06-12-2014
Employee                                          Date

9-1-2013