UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NANCY MILLER,**

        Plaintiffs,　　　　　　　Case No. 18-cv-13369

**v.**

        　　　　　　　　　　Hon. Judith E. Levy

**LEWIS MANOR HOMES, LTD,**
**REGINA'S HOME, INCORPORATED, AND**
**ELLEN LEWIS**

        Defendants.

| | |
|---|---|
| **GOLD STAR LAW, P.C.**<br>**Caitlin E. Malhiot (P76606)**<br>**Maia Johnson Braun (P40533)**<br>Attorneys for Plaintiff<br>2701 Troy Center Dr., Ste. 400<br>Troy, Michigan 48084<br>(248) 275-5200<br>*cmalhiot@goldstarlaw.com*<br>*mjohnson@goldstarlaw.com* | **BATOR LEGAL, P.C.**<br>**Christian A. Lobb (P63339)**<br>Attorney for Defendants<br>4 Parklane Blvd., Ste. 310<br>Dearborn, MI 48126<br>(248) 642-7844<br>*chris@batorlegal.com* |

**JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

**INDEX OF AUTHORITIES** ................................................................................. iii

**MOTION** ........................................................................................................... 1

**BRIEF** ............................................................................................................... 1

**I. INTRODUCTION** ........................................................................................ 1

**II. FACTUAL BACKGROUND** ...................................................................... 1

**III. SETTLEMENT AMOUNT AND DISTRIBUTION** ................................... 3

**IV. COSTS AND ATTORNEY FEES** ............................................................... 3

**V. THE PROPOSED SETTLEMENT IS REASONABLE** ............................. 7

**VI. CONCLUSION** ........................................................................................ 10

# INDEX OF AUTHORITIES

**Cases**

*Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343 (6th Cir.2000) ................ 4, 6

*Hensley v. Eckerhart*, 4 61 U.S. 424 (1983) ............................................................ 4

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) .......... 6

*Reed v. Rhodes,* 179 F.3d. 453 (6th Cir. 1999) ....................................................... 5

*Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332 (S.D.N.Y. 2012) ........................ 7

**Statutes**

29 CFR §785.22(a) .................................................................................................. 2

*29 U.S.C. 201 et seq.* .............................................................................................. 1

*29 U.S.C. 216(b)* .................................................................................................... 4

## MOTION

The parties, through their undersigned counsel, move this Court for approval of the settlement reached between Plaintiff and Defendants, as set forth in the Settlement Agreement which is attached as *Exhibit 1*.

## BRIEF

### I. INTRODUCTION

This is an action brought by Plaintiff Nancy Miller ("Miller") under the Fair Labor Standards Act, *29 U.S.C. 201 et seq.* ("FLSA") for recovery of unpaid minimum wage and overtime compensation. The case has proceeded through discovery and trial is set for January 21, 2020.

The parties have reached an agreement to resolve the matter for the total amount of $45,000.00, inclusive of costs and attorney fees, and now seek approval of the settlement.

### II. FACTUAL BACKGROUND

The Plaintiff is an individual who was employed by Defendants, Lewis Manor Homes, LTD, and/or Regina's Home, Incorporated, (with the owner of the entities, Defendant Ellen Lewis, collectively referred to as "Defendants") as a Direct Care Worker. During her employment, Plaintiff generally worked seven to eight 24-hour shifts per two-week period. For the work she performed, Plaintiff contends that she was entitled to at least minimum wage for all hours worked up to

1

40 hours per week and that she was eligible to receive overtime compensation for all hours worked over 40 hours per week. However, Plaintiff claims that she was not compensated for all of the hours she worked. Instead, for each 24-hour shift Plaintiff worked, she was compensated for 16 hours.

Defendants admit that they did not compensate Plaintiff for the full 24-hour shift, but maintain that the remaining 8 hours were unpaid in accordance with a proper sleep time deduction. Plaintiff claims that she was unable to get at least 5 uninterrupted hours of sleep per night every night during a 24-hour shift and therefore, during a 24-hour shift wherein Plaintiff did not get at least 5 uninterrupted hours of sleep, the full 24 hours were compensable. Plaintiff claims that despite informing Defendants that she was unable to sleep for at least 5 uninterrupted hours on any given shift, the Defendants continued to deduct 8 hours for sleep time.

Should the matter proceed to trial, Defendants would argue that they complied with the sleep time exclusion from the overtime and minimum wage requirements under the FLSA provided at 29 CFR §785.22(a). Defendants would dispute the number of shifts for which Plaintiff claims she was unable to get at least 5 hours of uninterrupted sleep. Defendants would also claim that, if found that Plaintiff was in fact awoken during a shift she worked, that the Defendants

were not on notice as to all hours worked and therefore were not obligated to provide compensation.

### III. SETTLEMENT AMOUNT AND DISTRIBUTION

The parties have agreed to settlement in the total amount of $45,000.00. The settlement will be distributed to the Plaintiff after a deduction of attorney fees and costs. The breakdown of the proposed settlement distribution is as follows:

| | |
|---|---:|
| Total Settlement: | $45,000.00 |
| Attorney Fees: | $18,000.00 |
| Costs: | $498.35 |
| Net Settlement to Plaintiff: | $26,501.65 |

For purposes of settlement, based upon the discussion herein, Plaintiff acknowledges that the distribution proposed above fully compensates her for her claims asserted in this proceeding, and makes her whole.

### IV. COSTS AND ATTORNEY FEES

Counsel for Plaintiff has incurred $498.35 in recoverable costs to date. Based on recorded time expended and rates which have been approved by several judges of the United States District Court, attorney fees in the amount of $13,200.00 have been incurred.[1] It is worth noting that the settlement which was agreed upon by the parties calls for the settlement amount to be paid over the course of 12 monthly installments. The time which Plaintiff's counsel will have to expend in order to administer the installment payments will be in addition to the

---

[1] A copy of the pertinent billing records is attached as *Exhibit 2*.

fees Plaintiff's counsel has incurred to date. The retainer agreement executed by the Plaintiff calls for reimbursement of advanced costs and an attorney fee of 40% of the gross recovery in the event that resolution takes place after the discovery cutoff date, which for this matter was July 15, 2019[2]. The proposed settlement calls for reimbursement of the total amount of costs. The attorney fee amount in the settlement is 40% of the gross recovery, or $18,000.00.

The representation agreement between the Plaintiff and Gold Star Law, P.C. demonstrates that both the Plaintiff and attorneys understood and accepted the expectation that the attorneys were to receive 40% of the recovery in the event that the matter was settled after the discovery cutoff. The FLSA entitles employees to recovery of their costs and "reasonable" attorney fees. 29 U.S.C. 216(b). As the Supreme Court has stated:

> The most useful *starting point* for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an *initial estimate* of the value of a lawyer's services.

*Hensley v. Eckerhart*, 4 61 U.S. 424 (1983) (emph. added).

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir.2000).*

---

[2] A copy of Miller's representation agreement is attached as *Exhibit 3*.

The billing records demonstrate billing for the time of the attorneys involved in this matter – Caitlin E. Malhiot and Maia Johnson Braun – and paralegal time, totaling $13,200.00 to date. This is the starting point for determining the lodestar amount. Other factors which should be considered include "the skill required to properly perform the legal services rendered," the "customary fee for like work," and the "attorney's expectations at the outset of the litigation." See, *Reed v. Rhodes, 179 F.3d. 453, 471 (6th Cir. 1999)*.

As the Court is aware, cases under the FLSA can be intricate and difficult. In this matter, Plaintiff performed work for Defendants during 24-hour shifts. Defendants claim that Plaintiff was properly compensated for 16 of those 24 hours because the remaining 8 hours were deducted pursuant to a valid sleep time arrangement. Plaintiff claims that the sleep time deduction was not proper for every shift which she worked as she could not get 5 uninterrupted hours of sleep each night, and therefore the entire 24 hours should have been paid for those shifts. If the Court were to find that the sleep time deductions were improper for every shift Plaintiff worked, the number of shifts for which the deduction was improper would need to be determined. In addition, if Plaintiff were able to sleep for at least 5 hours during a shift, but not the entirety of the 8-hour deduction, then Plaintiff would argue that the actual time Plaintiff was awoken would also be compensable. The above, as well as similar issues, required Plaintiff's counsel to have substantial

skill and expertise in wage and hour law in order to analyze legal principles and applicable law in order to successfully negotiate a settlement in this matter.

The Court should also consider the fact that the total settlement amount was reached by the inclusion of the 40% fee to the amount of actual compensation which the Plaintiff has agreed to accept. In other words, there is little likelihood that settlement for a higher amount of compensation to the Plaintiff would have been reached, such that the amount awarded to counsel detracted from the Plaintiff's recovery. Furthermore, the Court should bear in mind that the award of attorney fees must be sufficient to attract "competent counsel." *Adcock, supra.* In a case such as this, Plaintiff's counsel assumed representation of the Plaintiff with the understanding that the case could have gone well past discovery up to the point of a trial, which would obviously cause a drastic increase in the amount of work required of Plaintiff's counsel without any increase in Plaintiff's actual damages. The agreement at the beginning of the representation to pay Plaintiff's counsel 40% of the recovery is necessary to attract competent counsel in a case such as this where the client does not and cannot pay an hourly rate, and that division of the fees should not be altered because the case was resolved more quickly than expected (just as, in situations where the case requires more work than expected, the division of fees is not changed because of the increased workload and

Plaintiff's counsel often receives significantly less than would have been paid pursuant to an hourly fee arrangement).

## V. THE PROPOSED SETTLEMENT IS REASONABLE

Determination of a motion to approve a settlement turns on whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Factors to consider include:

> (1) The plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).

The highest total amount of actual damages which Plaintiff could have recovered, assuming each hour of *every* 24-hour shift was compensable, would have been $68,217.71. If we were to assume that Plaintiff was able to sleep through the night one shift per week, this would reduce her actual damages to $52,407.95. If the Court were to find that the only additional compensation that Plaintiff was entitled to is the amount that can be proven based on Defendants' documentation, then Plaintiff's actual damages would be closer to $4,862.49. These figures are based on application of a three-year statute of limitations. If

7

found that a two-year statute of limitation were applicable, the actual damages which Plaintiff could claim would be drastically different.

The maximum amount of liquidated damages which might have been recovered would have been $68,217.71, bringing the total *possible* damages recovery to $136,435.42. One issue which remains, however, is whether Defendants acted reasonably and in good faith in determining that Plaintiff was not entitled to compensation for the full 24 hours per shift under the FLSA. If Defendants were able to establish that its violation was reasonable and in good faith, the Court could reduce the amount of liquidated damages or decline to award liquidated damages at all.

The settlement amount is approximately 33% of the maximum amount which the Plaintiff could recover as damages at Trial, assuming that she prevailed on every issue presented.

The proposed settlement would completely eliminate the burden on the parties of establishing their claims or defenses at Trial.

While the parties each feel confident regarding their respective positions, there remains a risk for Plaintiff that a majority of the hours which she claims were compensable would be deemed to have been properly deducted. Plaintiff also faces a risk of reduction or denial of liquidated damages. Another factor which motivated Plaintiff to accept a settlement that is less than her potential recovery is

the collectability of Defendants. If this matter was to proceed to trial and Plaintiff prevailed on all her claims, there is a likelihood that Defendants would be unable to pay the judgment and Plaintiff could potentially be left without any recovery. Alternatively, Defendants could have required a payment plan that extended payment of a judgment, for a total amount which is unknown, over a span of many years. There is value to Plaintiff in having the total amount paid in a reasonable amount of time, as opposed to stretching payment of a potentially larger sum out over several years.

Defendants face a risk of a judgment for $136,435.42, together with accrued attorney fees incurred by Plaintiff (on an hourly basis) but also fees incurred for the trial preparation and the trial itself, which would likely be more than the amount accrued to date.

The settlement has been the result of numerous settlement negotiations between counsel, and clearly is an arms-length agreement. There is no suggestion of any fraud or collusion regarding the settlement, which has been expressly approved by the Plaintiff. It should be noted that counsel for Plaintiff and counsel for Defendants have resolved similar cases through settlement before, and that those settlements were also reasonable arms-length agreements that were approved by the appropriate judges.

All of the relevant factors argue in favor of approval of the settlement.

## VI. CONCLUSION

For the reasons set forth above, the parties request that the Court approve the settlement reached among the parties.

Respectfully submitted,

| | |
|---|---|
| **GOLD STAR LAW, P.C.** | **BATOR LEGAL, P.C.** |
| /s/*Caitlin E. Malhiot* | /s/ *Christian A. Lobb (w/ consent)* |
| **Caitlin E. Malhiot (P76606)** | **Christian A. Lobb (P63339)** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 2701 Troy Center Dr., Ste. 400 | 4 Parklane Blvd., Ste. 310 |
| Troy, Michigan 48084 | Dearborn, MI 48126 |
| (248) 275-5200 | (248) 642-7844 |
| *cmalhiot@goldstarlaw.com* | *chris@batorlegal.com* |

Dated: December 11, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel registered electronically.

/s/ *Ashley Zabinski*
Ashley Zabinski
**GOLD STAR LAW, P.C.**

10