# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Nancy Miller,

    Plaintiff,    Case No. 18-13369

v.    Judith E. Levy
    United States District Judge

Lewis Manor Homes, LTD,
Regina's Home, Inc., and Ellen    Mag. Judge R. Steven Whalen
Lewis,

    Defendants.

_____/

## OPINION AND ORDER APPROVING SETTLEMENT AGREEMENT [16]

Plaintiff filed this suit on October 29, 2018, alleging that Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*, by improperly deducting eight-hour sleeping periods from Plaintiff's twenty-four-hour shifts. (ECF No. 1.) Plaintiff seeks recovery of unpaid minimum wage and overtime compensation. *Id.* On December 11, 2019, the parties filed a joint Motion for Approval of Settlement. (ECF No. 16.) According to the Settlement Agreement, the parties agree to a settlement amount of $45,000.00. (*Id.* at PageID.55.) Plaintiff's counsel

will receive $18,000 in attorney fees and $498.35 in costs, leaving Plaintiff with a net settlement of $26,501.65. *Id.*

**I. Legal Standard**

Judicial approval of settlement agreements in FLSA cases is necessary for an agreement to be enforceable. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Smolinski v. Ruben & Michelle Enters. Inc.*, Case No. 16-cv-13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017). This requires the court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

Although there is not a prescribed process for making this determination, courts generally consider the following factors in non-collective FLSA cases:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*See Williams v. Alimar Sec., Inc.*, No. 13-12732, 2017 WL 427727, at *1 (E.D. Mich. Feb. 1, 2017) (citing *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks and citation omitted). When the settlement agreement includes the payment of attorney fees, the court must also assess the reasonableness of that amount before approving the settlement. *Wolinsky*, 900 F. Supp. 2d at 336.

## II. Analysis

After reviewing Plaintiff's complaint, the settlement agreement, and Plaintiff's counsel's billing, the Court approves the settlement.

### A. Settlement Amount

In this case, Plaintiff could have recovered a maximum of $68,217.71 in actual damages, assuming each unpaid hour was compensable. (ECF No. 16, PageID.59.) When added to Plaintiff's maximum liquidated damages of $68,217,71, Plaintiff's recovery ceiling is $136,435.42. *Id.* The proposed settlement amount of $45,000 is thirty-three percent of Plaintiff's recovery ceiling.

The proposed settlement will allow the parties to avoid the burden and expenses of trial.

3

Both parties face serious litigation risks. Defendants' documentation supports actual damages of only $4,862.49. *Id.* Given the uncertainty of trial and Defendants' trial plan of contesting all liability (ECF No. 16, PageID.54), Plaintiff could ultimately recover far less than the settlement amount. On the other hand, Defendants face maximum liability of three times the settlement amount.

The settlement agreement is also the result of arms-length negotiations. Although an April 18, 2019 settlement conference held before Magistrate Judge R. Steven Whalen did not lead to a settlement agreement, the current agreement resulted from numerous additional settlement negotiations between counsel. (*Id.* at PageID.61.)

Nothing in this case suggests the settlement agreement is the result of fraud or collusion.

Given the uncertainty and expense of trial, the wide range of possible recoveries, and the integrity of the agreement, the Court finds the settlement agreement to be fair and reasonable.

**B. Attorney Fees**

The Court also approves the proposed settlement with respect to attorney fees and costs. To determine whether the fees and costs are

reasonable, the Court considers the number of hours reasonably expended multiplied by a reasonable hourly rate (the "lodestar method"). *Oliva v. United States*, No. 1:15-cv-1060, 2016 WL 7665536, at *8 (W.D. Mich. Dec. 22, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

A reasonable hourly rate is generally calculated according to the "prevailing market rates in the relevant community." *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "relevant community" here is the Eastern District of Michigan. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (relevant community is the legal community within the court's territorial jurisdiction). And the "'prevailing market rate' is that rate which lawyers of comparable skill and experience can expect to command" in the relevant community. *See id.* "The appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). According to the most recent survey from the State Bar of Michigan, plaintiffs' side employment attorneys in this community charge $200-per-hour at the 25th percentile, $250-per-hour at the

5

median, and $330-per-hour at the 75th percentile. *See* STATE BAR OF MICHIGAN, ECONOMICS OF LAW PRACTICE (2014), http://www.michbar.org/file/pmrc/articles/0000151.pdf.

Here, Plainitff's counsel worked 56.6 hours. (ECF No. 16-3.) The $18,498.35 in attorney fees and costs generates a de facto hourly rate of $326.83, just under the 75th percent in this market. The Court finds this reasonable, particularly given that the fees are derived from a contingency agreement between Plaintiff and Plaintiff's counsel. (ECF No. 16-2.)

### III. Conclusion

Accordingly, the Court **GRANTS** the Joint Motion for Approval of Settlement. The Court **DISMISSES** this action with prejudice.

IT IS SO ORDERED.

Dated: December 30, 2019      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 30, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

    s/William Barkholz
    Case Manager